# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| RYAN O'NEIL FEATHERSON, )<br>)<br>Petitioner, *pro se*, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | **MEMORANDUM OPINION<br>AND RECOMMENDATION**<br><br>1:11CV111<br>1:07CR27-1 |

Petitioner Ryan O'Neil Featherson, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (docket no. 29).[1] Petitioner was indicted on fourteen charges related to aggravated identity theft, using false social security numbers, and using stolen access devices (docket no. 1). He pled guilty to three counts of using stolen access devices in violation of 18 U.S.C. § 1029(a)(2) and (c)(1) and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A(a)(1) before being sentenced to a total of 59-months imprisonment (docket no. 10, 11, 17). The judgment was entered on November 27, 2009, and Petitioner did not appeal.

On January 10, 2011, Petitioner filed a document entitled as a "Motion for Leniency and Sentence Reduction" in which he sought to have his sentence reduced under Fed. R. Crim. P. 35 based on his alleged cooperation with the government (docket no. 26). Petitioner was informed that only the government could file such a

---

[1] This and all further cites to the record are to the criminal case.

motion, but that if he felt the government had failed to file a motion for an improper reason, he could file a motion under Section 2255. His submission was, therefore, construed as such a motion, but dismissed based on procedural deficiencies. The dismissal was without prejudice to Petitioner, if he wished, filing a proper 2255 motion. He was told that he did not have to file a motion and that the court could not extend the time for filing the motion (docket no. 27).

On February 8, 2011, Petitioner did submit a 2255 motion in which he raised a single claim for relief alleging that he received ineffective assistance of counsel because his attorney did not seek a downward departure at sentencing based on Petitioner's cooperation with authorities (docket no. 29). Respondent filed a motion to dismiss the 2255 motion (docket no. 32), and Petitioner has filed a response (docket no. 33) and a letter further supporting his request for a sentencing reduction (docket no. 35). The parties' motions are now before the court for decision.

## DISCUSSION

Respondent requests dismissal on the ground that the motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under 2255 after their effective date of April 24, 1996. *Lindh v. Murphy*, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. *Sandvik v. United States*, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under Section 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court or (2) the expiration of the time for seeking such review. *Clay v. United States*, 537 U.S. 522 (2003). Where, as here, no direct appeal is filed, the conviction becomes final when the ten-day notice of appeal period expires. *Id.*; FED. R. APP. P. 4(b). This means that Petitioner's conviction became final on December 12, 2007, when his time for filing a notice of appeal expired. His time for filing under 2255 then ended a year later on December 12, 2008. Petitioner did not submit his first attempt at relief until January 10, 2011, more than two years later. That motion was out of time under subsection (f)(1). Only if another subsection gives Petitioner more time to file will his motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing his 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented him from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral

review. Petitioner does not allege that he is relying upon any such right; this subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence. Petitioner's claims in his motion are based on facts that existed and were known to him at the time of his sentencing. Therefore, this subsection also does not apply, and Petitioner's motion is untimely.

Petitioner has made two arguments addressing the timeliness of his 2255. The first is that he "was order[ed] and given permission to file a 2255 on the proper form" by the undersigned (docket no. 33 at 1). Petitioner was not ordered to file a 2255 motion. He was given permission to do so if he wished, but he was never told that the filing would or would not be timely. Rather, he was specifically told that the court did not have the power to extend his time to file under 2255. This remains true and neither Petitioner's original submission, nor his current motion, was timely filed.

Petitioner's other argument, which is set out in his current 2255 motion, is that he only recently began reading case law and determined that his attorney had not performed adequately (docket no. 29, § 18). This appears to be a request for equitable tolling. The Supreme Court has determined that the one-year limitation period is subject to equitable tolling. *Holland v. Florida*, 560 U.S. ___, ___,130 S. Ct. 2549, 2562 (2010). Equitable tolling may apply when a petitioner "shows '(1) that

he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).  This might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising his rights.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  Nevertheless, unfamiliarity with the legal process or a lack of representation does not constitute grounds for equitable tolling.  *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 392 (5th Cir. 1999).  Finally, in order to demonstrate diligence, the prisoner must show diligence throughout the entire post-conviction process.  *Coleman*, 184 F.3d at 402.  Here, Petitioner states that he did not know the law and that he only recently began performing research on his case.  This amounts to a claim of ignorance of the law, which does not support equitable tolling.  It also points to a lack of diligence given that he was sentenced more than three years before first filing any attempt at relief in this court.  He is not entitled to equitable tolling, his 2255 motion is untimely, and Respondent's motion to dismiss should be granted.[2]

---

[2] In Petitioner's most recent submission (docket no. 35) he asks for a sentence reduction because he surrendered for his sentence as promised, has worked at rehabilitation and maintained a good record in prison, and wishes to be present to further his sons' education.  Although Petitioner's efforts in prison and desire to be a part of his family's life are certainly admirable, they do not provide any legal grounds for a sentence reduction.  To the extent that the letter is a further motion, it should be denied.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 32) be **GRANTED**, that Petitioner's motion to vacate, set aside or correct sentence (docket no. 29) be **DISMISSED**, and that Judgment be entered dismissing this action.

_____
WALLACE W. DIXON
United States Magistrate Judge

Durham, N.C.
August 15, 2011